FILED
2019 Aug-29 AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **ROBIN MUNIZ** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **AT&T MOBILITY** | ) | |
| **SERVICES, LLC** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND JURY DEMAND

## NATURE OF CLAIM

Robin Muniz hereinafter "Plaintiff" or "Muniz" brings her claims under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 (42 U.S.C. § 2000e et seq.) and/or race discrimination (Title VII and 42 U.S.C. §1981) in the terms and conditions of employment as well as retaliation. The court has jurisdiction of the state law claims through pendant jurisdiction. After reporting Muniz reported sexual harassment and was terminated.

The Plaintiff has fulfilled conditions precedent to the institution of this action under Title VII. Plaintiff filed her EEOC charges within180 days of the occurrence

1

of the last discriminatory and retaliatory acts and is timely filing her complaint within 90 days of receipt of a Notice of Right to Sue from the EEOC.

## II.   JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331.

2. The Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the federal claims took place within the Court's jurisdictional boundaries.

3. Defendant is subject to the jurisdiction of the Court.

## III.   PARTIES

4. Robin Muniz is a resident of the State of Alabama and is Hispanic.

5. AT&T MOBILITY SERVICES, LLC doing business as AT&T ["defendant" or "AT&T"] is an employer within the meaning of Title VII.

## IV.   FACTUAL ALLEGATIONS

6. Muniz was formerly employed by AT&T as a call center representative.

7. Muniz excelled at her job duties.

8. On 11-23-2018, Muniz was discharged after she reported sexual harassment.

9. Muniz had previously been in relationship with another employee, Christopher Walker.

10.When the relationship was over, Walker became abusive towards Muniz in the work place by referring to Ms. Walker as a "bitch" and a "whore".

2

11. Walker spread rumors about Ms. Muniz's sexual life.

12. On multiple occasions, Muniz reported the harassment to Ms. Joy Miles, area manager and other managers.

13. Ms. Miles response was that Muniz needed to "control the controlables" and informed her that this must be the first black male she has dated.

14. The manager's response to serious allegations of hostile conduct directed at a female employee on the basis of sex was inadequate and failed to be prompt remedial action.

15. Walker's conduct of gender based harassment continued on an on-going basis.

16. One day on a break after he began demeaning Muniz, once again, she asked him to stop they had a confrontation and Ms Muniz was physically assaulted.

17. Ms. Muniz reported the incident.  Mr. Walker responded that he was assaulted.

18. After investigation which included video but not audio, the company stated Ms. Muniz was the aggressor and terminated her employment.

19. Other women have been mistreated and sexually harassed by Mr. Chris Walker without apparent effect of Walker's behavior or then employment.

20. Muniz had sought counseling from a doctor as a result of her treatment.

21. Ms. Muniz was held to a stricter and different disciplinary standard than Walker, African-American and other non-Hispanic employees who had work place

confrontations.


## V.    <u>CLAIMS</u>

### <u>Count I</u>
### <u>Title VII Sexual Harassment</u>

22. Muniz re-alleges paragraphs 6-21 above and incorporate them by reference as if fully set forth herein.

23. Muniz was subjected to sexual harassment and verbal and physical abuse based on her sex.

24. This treatment is discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.  This treatment by the Defendant has affected the terms and conditions of her employment.

25. This reckless and willful discrimination on the part of the defendant constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

26. As a further consequence and effect of the Defendant's unlawful conduct and practices, Muniz was deprived of income and other compensation and benefits.

27. Muniz has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's discriminatory, demeaning and unlawful conduct.

28. Muniz has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.

29. This reckless, malicious, and willful discrimination on the part of the Defendant constitutes a violation of Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended.

## Count II
## Title VII Retaliation

30. Plaintiff re-alleges paragraphs 6 through 18 above and incorporates them by reference as if fully set forth herein.

31. The Defendant retaliated against Muniz in the form of termination for opposing and reporting unlawful discrimination.

32. This reckless and willful retaliation on the part of the defendant constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended.

33. As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

34. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's retaliatory conduct.

35.Plaintiff has no plain, adequate, or complete remedy at law to  wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief.

36.This reckless, malicious, and willful retaliation on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended.

## COUNT III-NEGLIGENT HIRING AND TRAINING

37.    By failing to enforce any of the sexual harassment policies and/or by failing to conduct sexual harassment training, and prevention AT&T negligently and/or maliciously failed to supervise and/or train adequately on the subject of sexual harassment which proximately caused the sexual harassment of the Plaintiff.

38.   Furthermore, Defendant AT&T failure to properly train on the subject of sexual harassment proximately caused the termination of Muniz's employment as she engaged self-help and reported the conduct.

39.   The employee's sexual harassment of the Plaintiff and termination of her caused great emotional distress and trauma.

## COUNT IV-DISCRIMINATION IN EMPLOYMENT

40. AT&T discriminated against Muniz because of her race, Hispanic, with respect

6

to termination in violation of 42 U.S.C § 2000e, as amended, and 42 U.S.C §1981 and 42 U.S.C.§1981a.

41. The company imposed a more strict standard on disciplinary actions on Muniz when she confronted her harasser than is imposed on Non-Hispanic employees.

42. Allegedly based on the video, AT&T concluded that Muniz was at fault and discharged.

43. That decision required interpreting the incomplete video footage against Muniz.

44. On the day in question Muniz filed the complaint about the incident and previously alerted management with no action taken that Muniz is aware to stop and/or prevent the conduct.

45. The Defendant's discriminatory actions terminating her in response to her complaint she  was reckless, malicious, and willful and in violation of Muniz's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. 1981.

## VI.    **<u>PRAYER FOR RELIEF</u>**

**WHEREFORE,** Plaintiff respectfully prays that this Court will assume

7

jurisdiction of this action and, after trial, provide relief as follows:

1.    Issue a declaratory judgment that the employment practices, policies, procedures, conditions and customs that led to the discrimination by Defendant are violative of the rights of the Plaintiff under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 (42 U.S.C. 2000e et seq.) and 42 USC 1981.

2. Issue a declaratory judgment that the employment practices, policies, procedures, conditions and customs that led to the retaliation by Defendant are violative of the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, as amended.

3.  Enter an Order requiring Defendant to make the Plaintiff whole by awarding her back-pay (plus interest), front-pay, reinstatement into the position she would have held if Defendant had not discriminated against her based on race and/or gender and/or in retaliation for his opposing and reporting defendant's unlawful conduct, compensation for loss of wages and benefits, lost seniority, and pension benefits and nominal, compensatory and punitive damages.

4. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged in this suit, and this action for injunctive, declaratory and other relief is his only means of securing adequate relief.

5.  Award Plaintiff her reasonable attorneys' fees, costs and expenses of suit; and

6. Provide such other and further relief as the Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

Respectfully submitted,

*/s/Lee Winston*
Lee D. Winston
Roderick T. Cooks

**OF COUNSEL:**
WINSTON COOKS, LLC
505 Twentieth Street North
Suite 815
Birmingham, AL 35203
Tel: (205) 502-0970
Fax: (205) 278-5876
rcooks@winstoncooks.com
lwinston@winstoncooks.com